HARVEY J. JONES, EMPLOYEE, PLAINTIFF v. BEAUNIT CORPORATION, EM-
PLOYER, COMMERCIAL UNION ASSURANCE COMPANY AND/OR LIBERTY
MUTUAL INSURANCE COMPANY, CARRIERS, DEFENDANTS

No. 8310IC765

(Filed 15 January 1985)

1. **Master and Servant § 68— workers' compensation—claimant not clearly in-
formed of occupational disease—claim not time barred**

    Evidence in a workers' compensation proceeding was insufficient to show
    that claimant was informed clearly, simply and directly by competent medical
    authority that he had an occupational disease and that his illness was work
    related so that his claim was time barred under G.S. 97-58(c).

2. **Master and Servant § 82— workers' compensation—occupational disease—de-
termination of which of two carriers was liable**

    The Industrial Commission erred in holding defendant insurance carriers
    jointly liable for compensating an employee disabled by an occupational
    disease, since one company was the carrier on the risk until 31 March 1968;
    the other company was the carrier on the risk from 1 April 1968 until the ter-
    mination of plaintiff's employment with defendant employer; and the employer
    in whose employment the employee was last injuriously exposed to the
    hazards of the occupational disease and the carrier on the risk when the
    employee was so last exposed are the parties liable for payment of compensa-
    tion. G.S. 97-57.

APPEAL by defendants from opinion and award of the North
Carolina Industrial Commission filed 14 January 1983. Heard in
the Court of Appeals 1 May 1984.

*Hassell & Hudson, by Charles R. Hassell, Jr., and Robin E. Hudson, for plaintiff appellee.*

*Young, Moore, Henderson & Alvis, P.A., by B. T. Henderson, II, and Joseph W. Williford, for defendant appellants Beaunit Corporation and Commercial Union Assurance Company.*

*Mason, Williamson, Etheridge and Moser, P.A., by James W. Mason, for defendant appellants Beaunit Corporation and Liberty Mutual Insurance Company.*

WHICHARD, Judge.

[1]  On 19 June 1984 this Court filed an unpublished opinion remanding this case to the Industrial Commission for express determination of defendants' oral motion which pled the provisions of G.S. 97-58 in bar of this claim. We noted that the motion raised a jurisdictional question, the two-year time limit for filing claims under G.S. 97-58(c) being a condition precedent to jurisdiction of the Industrial Commission to hear the claim. *Poythress v. J. P. Stevens*, 54 N.C. App. 376, 382, 283 S.E. 2d 573, 577 (1981), *disc. rev. denied*, 305 N.C. 153, 289 S.E. 2d 380 (1982). We further noted that the record appeared incomplete at the point containing portions of the evidence determinative of this issue; for that reason, the Commission was authorized to receive additional evidence upon remand to enable it to pass upon the motion.

The addendum to the record on appeal contains no additional evidence offered on remand. The Commission unanimously found upon remand "that there is insufficient competent evidence of record to show the claimant was informed clearly, simply, and directly by competent medical authority that he has an occupational disease and that his illness is work-related." *See Lawson v. Cone Mills Corp.*, 68 N.C. App. 402, 410, 315 S.E. 2d 103, 107 (1984) (articulating standard for informing claimant). We sustain the finding. We could not ascertain from the original record that claimant had been informed of his disease so as to raise the jurisdictional bar of G.S. 97-58(c), and the addendum to the record provides no additional evidence for our consideration.

We thus find no merit to defendants' arguments that the claim is time-barred under G.S. 97-58(c). We further find defend-

ants' remaining arguments without merit, and we uphold the award.

[2]   Defendant Liberty Mutual cross assigns error to the assessment of liability against it, contending that plaintiff was last injuriously exposed while defendant Commercial Union was the carrier responsible for the risk. We agree. The Commission found, without exception, that plaintiff worked for defendant-employer from 23 September 1963 to 3 May 1971. The parties stipulated that defendant Liberty Mutual was the carrier on the risk until 31 March 1968 and that defendant Commercial Union was the carrier on the risk from 1 April 1968 until the termination of plaintiff's employment with defendant-employer. The employer in whose employment the employee was last injuriously exposed to the hazards of the occupational disease and the carrier on the risk when the employee was so last exposed are the parties liable for payment of compensation. G.S. 97-57. Defendant Commercial Union was the insurance carrier on the risk when plaintiff was last injuriously exposed to the hazards of chronic obstructive pulmonary disease and byssinosis.

The Commission concluded that plaintiff "was last injuriously exposed . . . in his employment with defendant-employer while defendant-insurers were on the risk." On the basis of this conclusion it held defendant carriers jointly liable. Our Supreme Court has stated, however, that "the law makes no provision for a partnership in responsibility . . . ." *Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 170, 22 S.E. 2d 275, 279 (1942).

*Haynes* presented the question whether, while in the employment of defendant company, plaintiff was injuriously exposed to conditions augmenting the occupational disease he had already contracted. *Id.* at 168, 22 S.E. 2d at 278. The court found that because the same causes which originally gave rise to the disease were present in defendant's company, "last injuriously exposed" as used in G.S. 97-57 "meant an exposure which proximately augmented the disease to any extent, however slight." *Id.* at 166, 22 S.E. 2d at 277. The court wrote:

> Perhaps on a comparative basis, the chief responsibility for plaintiff's condition morally rests upon his [employer of longer duration and the one in whose employ he contracted the disease]; but not the legal liability. It must have been

fully understood by those who wrote the law fixing the responsibility on the employer in whose service the last injurious exposure took place, that situations like this must inevitably arise, but the law makes no provision for a partnership in responsibility, has nothing to say as to the length of the later employment or the degree of injury which the deleterious exposure must inflict to merit compensation. It takes the breakdown practically where it occurs — with the last injurious exposure.

*Id.* at 170, 22 S.E. 2d at 279 (cited as the correct legal standard in *Rutledge v. Tultex Corp.,* 308 N.C. 85, 90, 301 S.E. 2d 359, 363 (1983)).

We find *Haynes* to be controlling. Whether there are two companies and, presumably, two insurance carriers as in *Haynes,* or one company and two insurance carriers as here, the carrier on the risk when the employee is last injuriously exposed is the liable party. G.S. 97-57.

Under a *Haynes* analysis, 222 N.C. at 169-70, 22 S.E. 2d at 278-79, defendant Liberty Mutual would be the liable carrier only if plaintiff's occupational disease had reached the point of saturation at the time defendant Commercial Union assumed the risk. The evidence indicates this was not the case. The Commission found as a fact that plaintiff was employed by defendant employer until he was no longer able to work due to his breathing problem. The Commission further found that plaintiff was exposed to dust and fumes from the machine he operated and from the adjacent room. Plaintiff thus worked at the same company under the same deleterious conditions for the duration of his employment. On the basis of this evidence we conclude that plaintiff's last injurious exposure to the hazards which augmented his occupational disease was after responsibility for the risk shifted from defendant Liberty Mutual to defendant Commercial Union. Defendant Commercial Union is thus liable for payment of compensation.

Affirmed in part, reversed in part.

Judges WEBB and HILL[1] concur.

---

1. Judge Hill concurred in this opinion prior to his retirement on 31 December 1984.